IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LISA WILLIAMS** and **ANGELA PIERCE**,<br><br>      Plaintiffs,<br><br>      v.<br><br>**CMH MANUFACTURING WEST, INC.**, dba **CLAYTON HERMISTON** and **MARLETTE HOMES**, a foreign corporation; **HILARIO AVILA**, individually; and **TAMMY PROA**, individually,<br><br>      Defendants. | Case No. 2:21-cv-1065-HL<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Andrew Hallman issued Findings and Recommendations in this case on December 16, 2021. ECF 19. Judge Hallman recommended that this Court grant the Motion to Stay and Compel Arbitration, ECF 9, filed by Defendants CMH Manufacturing West, Inc. (CMH), Hilario Avila, and Tammy Proa, and that the case should be dismissed without prejudice.

      Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs Lisa Williams and Angela Pierce timely filed an objection. ECF 21. Plaintiffs first object on the ground that Defendants' arbitration agreement failed to create a contract. Second, Plaintiffs object to Judge Hallman's recommendation that the case be dismissed without prejudice, rather than stayed.

The Court has reviewed Judge Hallman's Findings and Recommendations. The Court agrees with Judge Hallman that the Employment Dispute Resolution Agreements constitute a valid contract to arbitrate. As Judge Hallman noted, "the fact that the agreements were a condition of continued at-will employment satisfies the consideration element of contract formation for the agreements." ECF 19, at 6; *see Wilson v. Bristol-Myers Squibb Co.*, 2018

PAGE 2 – ORDER

WL 2187443, at *4 (D. Or. May 11, 2018) ("Oregon courts do not require anything more than continued employment in consideration for signing an arbitration agreement.").

The Court also agrees that, because all of Plaintiffs' claims are subject to arbitration, that dismissal of the case without prejudice is appropriate. Although the FAA authorizes a court to stay an action that is subject to a valid agreement to arbitrate, 9 U.S.C. § 3,[1] a court instead may dismiss an action, rather than merely staying it, when all of the issues raised in the action are arbitrable. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("The district court acted within its discretion when it dismissed [the plaintiff's] claims. As in *Martin Marietta* [*Aluminum, Inc. v. General Electric Co.*, 586 F.2d 143 (9th Cir. 1978)], the arbitration clause was broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration."); *see also Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1008 (N.D. Ill. 2013), *aff'd*, 556 F. App'x 543 (7th Cir. 2014) ("There is a growing trend among courts favoring dismissal of a case when all of the claims contained therein are subject to arbitration—resulting in 'a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th Cir. 2011)) (gathering cases)).

---

[1] Section 3 of the FAA provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

PAGE 3 – ORDER

The Court ADOPTS Judge Hallman's Findings and Recommendation, ECF 19. The Court GRANTS Defendants' Motion to Compel Arbitration and DISMISSES the case without prejudice.

**IT IS SO ORDERED**.

DATED this 4th day of March, 2022.

/s/ <u>*Michael H. Simon*</u><br>
Michael H. Simon<br>
United States District Judge

PAGE 4 – ORDER